UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL L. GUESS,                    )
                        Plaintiff    )
                                     )
                                     )
            v.                       )          Civil Action No. 13-30171-MAP
                                     )
                                     )
MICHAEL J. ASHE, JR. et al.,         )
                        Defendant    )


REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
January 10, 2014

NEIMAN, M.J.

        Michael L. Guess ("Plaintiff"), proceeding *pro se*, has submitted for filing certain

documents purporting to be a complaint against Michael J. Ashe, Jr., the

Superintendent of Hampden County House of Correction ("HCCC"), and other

individuals connected with HCCC and/or the Holyoke Police Department ("Defendants").

Together with those documents, Plaintiff has filed an application for leave to proceed *in*

*forma pauperis*.

        The court has determined that Plaintiff is unable to pay the costs of commencing

the action.  Accordingly, leave to proceed *in forma pauperis* has been granted pursuant

to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  However,

summonses have not issued in order to allow the court to review Plaintiff's "complaint"

to determine whether it satisfies the requirements of subsection (e)(2) of that statute.

For the reasons stated below, the court concludes that it does not.  Accordingly, the

court will recommend that the "complaint" be summarily dismissed.

The *in forma pauperis* statute requires the court to dismiss an action brought thereunder if the court determines that the action is "frivolous" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(I) and (ii).  *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact").  This is just such a case.

Plaintiff's "complaint," filed on October 15, 2013, consists of three paragraphs in which he simply names the various defendants and the compensatory and punitive damages he seeks from each (Document No. 1).  Nowhere in this document, however, does Plaintiff describe any facts or set forth any legal claim, other than to broadly invoke 28 U.S.C. § 1983.  To be sure, Plaintiff also filed a letter addressed to the clerk of the court in which he describes a rambling "story" about events which unfolded in August of 2013 including, at the end, his eventual arrest by officers from the Holyoke Police Department; it also raises a number of "questions towards this ordeal."  (Document No. 1-1.)  Again, however, Plaintiff sets forth no specific legal claims against any particular individuals.

It should also be noted that Plaintiff also filed a document entitled "Relief from Judgment or Order" (Document No. 1-2) with the case heading "Commonwealth of Massachusetts v. Michael L. Guess" and apparently filed or meant to be filed in the Hampden County Superior Court.  Therein, Plaintiff cites a number state court rules; his reliance on state law is also reflected in the Civil Court Sheet filed in this court (Document No. 1-3).  The court is confident that, as presently formulated, Plaintiff's "complaint" fails to state a claim upon which relief may be granted.

It is well-established that "[w]here the court has no subject matter jurisdiction

2

there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

Of course, since Plaintiff is a *pro se* litigant, his pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). But it is not incumbent on the court, let alone the defendants, to figure out just what it is Plaintiff is complaining about or how he might be articulating a federal claim. And even assuming that Plaintiff is attempting to invoke the court's federal question jurisdiction, his complaint is impermissibly deficient. The Supreme Court has held that only a complaint that "state[s] a claim to relief that is plausible on its face" will survive dismissal screening, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, no factual content whatsoever has been alleged in the complaint itself which

might raise a reasonable inference that Defendants are liable for any federal question-

based cause of action.

Even under a generous reading, the instant action, in this court's opinion, fails to

state a claim upon which relief may be granted.  Accordingly, the court recommends

that it be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).[1]


DATED: January 10, 2014

         /s/ Kenneth P. Neiman
        KENNETH P. NEIMAN
        U.S. Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).